## HUETT, APPELLANT, v. CLARK, APPELLEE.

1. APPELLATE PRACTICE.
Unless it appears that the jury was influenced by bias or prejudice or that the verdict is not supported by the evidence, its finding will not be disturbed.

2. EXPERT WITNESSES, LIMITING NUMBER—DISCRETION.
The court may in its discretion limit the number of expert witnesses that may be called upon the trial.

*Appeal from the District Court of Arapahoe County.*

Messrs. HIPP & TESCH, for appellant.

Mr. RALPH TALBOT, for appellee.

BISSELL, P. J., delivered the opinion of the court.

This action was brought to recover a horse claimed by the

parties to this suit. It has evidently engendered a bitter controversy which is not infrequently the outcome of a dispute between two parties as to the ownership of. an animal. Our convictions could be very briefly expressed, but out of deference to the very earnest contentions of counsel, and the exceeding interest of the litigants, we shall notice the several propositions which are assigned as error.

The principal argument is addressed to the consideration of the evidence, by which the claims of the respective parties have been supported. Counsel insist that the verdict is unsupported by the testimony, is against its weight and its preponderance, and that the verdict discloses such a bias and prejudice as will permit an appellate tribunal to disregard what is ordinarily treated as conclusive on questions of fact, to wit: the verdict of a jury. We might have contented ourselves with the re-announcement of the well settled doctrine that wherever there is a conflict of testimony, and there is evidence in the record which may fairly be said to support the verdict, we will not go farther in our examination. That we might be certain that the appellant was without a just right of complaint, we have carefully read and considered the proofs. At the outset it is conceded that the appellant's contention that the brand upon the horse was his, and that it therefore demonstrated his title, finds very strong support in the record. The similarity of the two brands is so decidedly close as to render a mistake upon this proposition both easy and natural. Both consist of two letters "D" and "A." The appellant's brand lacks a cross-bar in the "A" and is rounded at the top. The "A" of the appellee's brand ends in sharply defined lines, and is also distinguished by the bar necessary to make a perfect letter. The brands were produced in court. The animal was examined by the parties in interest, and the adherents of their respective opinions, and apparently by disinterested persons, who scrutinized the marks and expressed their opinion concerning the brand. This very careful examination of the testimony has not served to satisfy us that the jury were influenced by bias or by preju-

dice, and that their verdict is not well supported by the evidence. We might possibly reach a different result from a consideration of the case as printed; but this fact would not justify a conclusion on our part that the jury were without fair and well supported reasons for their finding. The witnesses were before them, and they were better qualified than we can possibly be to determine what weight should be given to their varying opinions. We therefore conclude that upon the record as it stands, and under the force of the rule concerning the effect to be given to verdicts, the judgment may not be disturbed by reason of these considerations.

During the progress of the trial, while the parties were producing witnesses to give their opinions concerning the identity of the brands, and whether or not the second letter of it was distinguished by a cross-bar the court limited the number of this class which each party might be permitted to call. The appellant insists that he was harmed by the rule, and that the rule itself as laid down by the court was not fairly and equitably administered. He complains that he was shut off before he was permitted to call the last witness which he had a right to produce under the limitation, and particularly because one of his experts had given unexpected testimony on the subject. It is quite possible the appellant's complaint finds some basis in the record; but we do not conceive that the action of the court in respect of this matter was so harmful and prejudicial as to warrant us in setting aside the judgment. Where the evidence is in its nature of an expert character, and witnesses are testifying as to their opinions and not giving evidence on an otherwise controverted fact which is an essential ingredient of the case, it seems to be fairly well settled that the court may exercise its discretion in fixing the limit beyond which parties may not go in accumulating their proofs. The trial court does not appear to have infringed upon this doctrine, and the difficulty, if any, would spring from the mistake which the court committed in holding that the limit had been reached. We are not clear that this is true; but, if it were, the appellant's

rights were so abundantly protected by the number of witnesses which he did call, that this court would scarcely be justified in disturbing what appears to be a fairly justifiable result. *Interest reipublicœ ut sit finis litium.* The only other complaint concerns the action of the court in admitting and rejecting testimony. We have carefully considered the record in this respect, and reached the conclusions that the rights of the parties were not interfered with, nor their interests prejudiced by what the court did, and that its rulings accord with the law of evidence in these particulars.

There is no error in the record which would permit us to disturb this judgment, and it will accordingly be affirmed.

*Affirmed.*